IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERVOD CONTAE SIMMONS, ) | |
|     Plaintiff, ) | Civil Action No. 7:22-cv-00440 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF ) | Chief United States District Judge |
| CORRECTIONS, et al., ) | |
|     Defendants. ) | |

## ORDER

Plaintiff Jervod Contae Simmons, a Virginia inmate proceeding pro se, is presently incarcerated at Red Onion State Prison ("Red Onion"). He filed this civil action under 42 U.S.C. § 1983 seeking to recover damages for alleged violations of his constitutional rights while he was confined at River North Correctional Center ("River North"). He alleges, among other claims, that officers at River North used excessive force against him in February 2021. The case is presently before the court on Simmons's motion to compel, ECF No. 20, which the court construes as a motion for preliminary injunctive relief. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans

World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Simmons's motion does not satisfy the requirements for issuance of a preliminary injunction. Among other deficiencies, the motion does not seek to prevent harm caused by the conduct asserted in the underlying complaint. Instead, Simmons seeks relief for allegedly unlawful conduct by the trust accounts officer at his current facility. ECF No. 20 at 1. Because the motion is based on new assertions of misconduct that are entirely different from the claims asserted in the complaint, "they cannot provide the basis for a preliminary injunction in this lawsuit." Devose, 42 F.3d at 471.

For these reasons, it is hereby **ORDERED** that Simmons's motion to compel, ECF No. 20, which the court construes as a motion for preliminary injunctive relief, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: January 18, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.01.18 18:19:59 -05'00'

Michael F. Urbanski
Chief United States District Judge