CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 12, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERVOD CONTAE SIMMONS,<br>    Plaintiff, | )<br>)  Case No. 7:22-cv-00440<br>) |
| v. | )<br>) |
| LT. E. EARHART, et al.,<br>    Defendants. | )  By: Michael F. Urbanski<br>)  Chief United States District Judge<br>) |

## MEMORANDUM OPINION

Jervod Contae Simmons, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court on Simmons's motion for leave to file a second amended complaint. ECF No. 44. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## Background

This action arises from a series of events that allegedly occurred at River North Correctional Center (River North) on February 3, 2021. According to the proposed amended complaint, Officer Z. Waller struck Simmons in his upper chest as he approached the C-2 pod's sliding door in an effort to speak to Lt. E. Earhart. Proposed Am. Compl. ¶ 9, ECF Nos. 44-1, 44-2. Officer D. McClean then shot Simmons at close range with a 40 mm single launcher and a 40 mm multi-launcher. Id. at ¶ 10. Simmons subsequently "laid down on the ground to be handcuffed [and] shackled." Id. at ¶ 11. Even though he was "not resisting" or "acting disruptively," Lt. Earhart, Officer N. Davis, Sgt. T. Brown, Officer W. Devine, and Officer B. Lineberry allegedly slammed him to the ground, punched him in the head and body,

and kneed him multiple times. Id. Simmons further alleges that Brown and Devine placed him in excessively tight restraints and that Davis and Lineberry tried to break his fingers. Id. at ¶¶ 11, 12. After Davis and Lineberry took Simmons to another housing unit, they purportedly slammed him to the ground again "to inflict pain [and] retaliation," and "[u]nknown correctional officers tried to choke [Simmons] inside [a] segregation cell." Id. at ¶ 13. Simmons alleges that he was "denied/refused any adequate treatment by medical" and that he was held in ambulatory restraints until being "emergency transferred" to another prison. Id.

Simmons claims that Waller, McClean, Earhart, Davis, Brown, Devine, Lineberry, and other unknown correctional officers used excessive force against him in violation of the Eighth Amendment and that Lt. K. King, the "head intel investigator" at River North became aware of the officers' use of force and "fail[ed] to correct the misconduct." Id. at ¶¶ 16–22, 25. Simmons also claims that the correctional officers "retaliated" against him by physically assaulting him and that King "retaliated" again him by attempting to cover up the use of excessive force. Id. at ¶¶ 26–31. The proposed amended complaint also names as defendants the Virginia Department of Corrections (VDOC) and former VDOC Director Harold Clarke. Simmons claims that Clarke and King are subject to "supervisor liability" for the use of excessive force and that the VDOC is subject to "municipal liability." Proposed Am. Compl., ECF No. 44-2 at 1.

The VDOC, Clarke, and King have filed a memorandum in opposition to Simmons's motion, arguing that the proposed amended complaint fails to state a plausible claim for relief against them under § 1983. The motion is ripe for decision.

## Standard of Review

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading with the court's leave and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend a pleading if a proposed amendment would be futile. Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." Id. (internal quotation marks and citations omitted).

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## Discussion

Simmons filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

3

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### I.     Proposed Claim Against the VDOC

To the extent that Simmons seeks to hold the VDOC liable for alleged constitutional violations under § 1983, the state agency is not a "person" subject to liability under the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials in their official capacities are 'persons' under § 1983); Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency "is not a 'person' within the meaning of [§ 1983]"). Additionally, as an arm of the state, the VDOC is immune from suit in federal court under the Eleventh Amendment. Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). "While Congress may abrogate a State's Eleventh Amendment immunity by express statutory language, it has long been settled that 42 U.S.C. § 1983 . . . does not effect such an abrogation." In re Sec'y v. Dep't of Crime Control & Pub. Safety, 7 F.3d 1140, 1149 (4th Cir. 1993). Because Simmons has no viable claim for relief under § 1983 against the VDOC, his motion for leave to amend will be denied with respect to this defendant.

### II.    Proposed Claims against Clarke and King

Simmons seeks to hold Clarke and King liable in their supervisory capacities for the alleged use of excessive force by other individual defendants. Simmons also alleges that King became aware of the correctional officers' actions during the course of an investigation and "fail[ed] to correct the misconduct." Proposed Am. Compl. ¶ 25.

4

To the extent that Simmons seeks to hold Clarke or King liable for failing to discipline the correctional officers for the misconduct alleged in the proposed amended complaint, Simmons has no viable claim against either defendant under § 1983. As the Supreme Court has explained, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677; see also id. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A supervisor's "mere knowledge" that subordinate employees have engaged in unconstitutional conduct does not provide a basis for liability under § 1983. King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 677); see also George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in [constitutional] violations are responsible . . . . Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

The proposed amended complaint is also devoid of allegations sufficient to satisfy the three-factor test for supervisory liability set forth in Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). "That test asks (1) whether 'the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury'; (2) whether 'the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) whether 'there was an affirmative causal link between the supervisor's

5

inaction and the particular constitutional injury suffered by the plaintiff." Younger v. Crowder, 79 F.4th 373, 384 (4th Cir. 2023) (quoting Shaw, 13 F.3d at 799). To satisfy the first element, a plaintiff must show that "the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks omitted). "As to the second element, a plaintiff may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." Id. (internal quotation marks omitted). Finally, as to the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." Shaw, 13 F.3d at 799.

Simmons's proposed amended complaint does not contain sufficient facts to support each of these elements. His conclusory allegations of supervisory liability fail to state a cognizable claim for relief under § 1983. See Hoffman v. Office of the State Atty., 793 F. App'x 945, 954 (11th Cir. 2019) ("Because the plaintiffs' claims of supervisory liability are supported by conclusory allegations, the complaint does not contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). For all of these reasons, the motion for leave to amend will be denied with respect to the proposed claims against Clarke and King in their supervisory capacities.

### III. Proposed Claims of Retaliation

Under the heading "Claim for Retaliation," Simmons alleges that Earhart, Brown Devine, Lineberry, and Davis "retaliated against [him] by forcefully slamming him on the

ground" and physically assaulting him. Proposed Am. Comp. ¶¶ 26–30. Simmons further alleges that King "retaliated against [him]" by attempting to cover up the other officers' actions. Id. at ¶ 31.

Simmons's conclusory assertions of retaliation fail to state a claim upon which relief may be granted. Although "[a]n action motivated by retaliation for the exercise of a constitutionally protected right" may be actionable under § 1983, Martin v. Duffy, 977 F.3d 294, 306 (4th Cir. 2020) (internal quotation marks and citations omitted), Simmons does not allege that he engaged in constitutionally protected activity or that there was a causal relationship between such activity and the conduct of any defendant. See id. at 299 ("To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct.") (internal quotation marks, citation, and brackets omitted). "Merely alleging that an act was retaliatory is insufficient." Meuir v. Greene Cnty. Jail Employees, 487 F.3d 1115, 1119 (8th Cir. 2007). Consequently, leave to amend will be denied with respect to the proposed claims of retaliation.

### IV.    Proposed Eighth Amendment Claims

The proposed amended complaint asserts Eighth Amendment claims of excessive force against Waller, McClean, Davis, Earhart, Brown, Devine, Lineberry, and other unidentified John Doe defendants. Simmons also claims that unidentified members of the medical staff at River North refused to provide adequate medical treatment for his injuries.

7

Waller, McClean, Davis, Earhart, Brown, Devine, and Lineberry have advised the court that they do not oppose allowing the proposed amended complaint to proceed with respect to the Eighth Amendment claims asserted against them. Having reviewed the relevant allegations, the court concludes that leave to amend should be granted with respect to the Eighth Amendment claims asserted against these defendants and the John Doe defendants.

## Conclusion

For the reasons stated, Simmons's motion for leave to file a second amended complaint, ECF No. 44, is **GRANTED IN PART AND DENIED IN PART**. The case will proceed on the Eighth Amendment claims asserted against Waller, McClean, Davis, Earhart, Brown, Devine, Lineberry, and other unidentified John Doe defendants. An appropriate order will be entered.

Entered: June 11, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.11 16:35:30 -04'00'

Michael F. Urbanski
Chief United States District Judge